**UNITED STATES of America,
Plaintiff,**

v.

**SCHOOL DISTRICT OF FERNDALE,
MICHIGAN, et al., Defendants.**

Civ. A. No. 75–70958.

United States District Court,
E. D. Michigan, S. D.

Aug. 28, 1975.

See also, D.C., 400 F.Supp. 1122, D. C., 400 F.Supp. 1135, and D.C., 400 F. Supp. 1141.

———◆———

Edward H. Levi, Atty. Gen., J. Stanley Pottinger, Asst. Atty. Gen., Alexander C. Ross, Thomas M. Keeling, J. Gerald Hebert, Attys., U. S. Dept. of Justice, Washington, D. C., and Ralph B. Guy, U. S. Atty., E. D. Mich., Detroit, Mich., for plaintiff.

Burton R. Shifman, Philip J. Goodman, Southfield, Mich., for Ferndale School Dist.

Frank J. Kelley, Atty. Gen., and Thomas F. Schimpf, Asst. Atty. Gen., Lansing, Mich., for State defendants.

## OPINION AND ORDER

GRANTING IN PART DEFENDANT FERNDALE BOARD OF EDUCATION'S MOTION TO DISMISS COUNT I AND DENYING DEFENDANT'S MOTION TO STRIKE

KENNEDY, District Judge.

This action was commenced by the United States on May 22, 1975, alleging that the public elementary schools of the School District of Ferndale, Michigan, were operated in a racially discriminatory manner in violation of the Equal Educational Opportunity Act of 1974 (EEOA), 20 U.S.C. § 1701 *et seq.*, and the Fourteenth Amendment, and that the State of Michigan had violated the provisions of 31 U.S.C. § 1221 *et seq.* (Revenue Sharing Act) by its use of revenue sharing funds to aid the Ferndale schools.

The defendants filed motions to dismiss the allegations regarding racial discrimination, and on July 3, 1975, the Court granted these motions in part; however, the United States was permitted to amend its complaint with regard to the claimed violations of the EEOA. The allegations regarding revenue sharing were not affected by the Court's order.

On July 14, 1975, an amended complaint was filed which consisted of two counts, the first regarding racial discrimination in the operation of the elementary schools in the Ferndale district and the second regarding the allegations of misuse of revenue sharing funds by the State.

Defendant Ferndale Board of Education has moved to dismiss Count I of the amended complaint on two grounds: first, that the plaintiff has failed to bring the action on behalf of one or more specifically identified individuals who have been denied equal educational opportunity; and second, because the Attorney General lacks the statutory or

constitutional authority to assert the constitutional rights of other persons.

The issues involved in the latter ground have been dealt with in the Court's opinion and order of July 3, 1975, 400 F.Supp. 1122, and in the Court's opinion and order granting the motion of the various State defendants to dismiss, which was filed on August 28, 1975, 400 F.Supp. 1135. The Court does not intend to restate the analysis which leads it to conclude that the Attorney General lacks standing to assert the constitutional rights of others in this action. The allegations relating to the denials of Fourteenth Amendment rights are dismissed with prejudice for the reasons stated in the Court's above-mentioned orders.

The amended complaint formulates the claims regarding racial discrimination [1] differently than did the original complaint. It is the claim of the School Board that the amendment does not comply with the Court's order directing the plaintiff to indicate in an amended complaint on whose behalf the action is brought.[2]

The Court set out the standard for judging the adequacy of the statement of the persons on whose behalf the suit is brought as follows:

> If the "on behalf of" language is to be interpreted consistently with this general intent of the legislation, it would appear that the Attorney General should be required to designate those who have been denied equal educational opportunity and on whose behalf the suit is brought. Such a requirement would be of help to individuals in determining whether they should

seek to intervene in the action, and would direct the court and the parties to the particular wrongs claimed by the United States to require a remedy. The Court does not believe that this requires naming of individuals, but rather that a similar specificity should be required to that which is appropriate in class actions in which one or more parties litigate "on behalf of all". Rule 23, Federal Rules of Civil Procedure. The general rule is that a class must be set forth with "sufficient definiteness so that it is administratively feasible for the court to determine whether a particular individual is a member." [citation omitted].

Paragraph 8 of the amended complaint contains plaintiff's statement regarding the persons on whose behalf the action is brought:

> As a first claim, this action is brought by the Attorney General, pursuant to 20 U.S.C. § 1706 and the Fourteenth Amendment, for and in the name of the United States, on behalf of the black students in attendance at the public elementary schools of the defendant school district, the black faculty and staff members assigned to the public elementary schools of the defendant school district, and other black persons in the defendant school district similarly situated who are being denied, and will continue to be denied, an equal educational opportunity and the equal protection of the laws as set out below.

The Court does not believe that this statement satisfies the requirements of

---

1. The basic elements of the claimed discrimination are set out in paragraph 9 of the amended complaint:

   The defendant school district and local school officials built, and have continued to operate and maintain the U. S. Grant Elementary School in the School District of the City of Ferndale, for the purpose and with the effect of segregating black elementary students in the school system

and have discriminatorily assigned black faculty and staff to the Grant School on the basis of race.

2. The original complaint contained no explicit statement as to those on whose behalf the action was brought. This reflected the plaintiff's view that no such statement was necessary.

its previous order.[3] The effect on this language is to make the determination of the persons on whose behalf the case is brought depend on an investigation of the factual basis and legal significance of the remaining allegations of Count I. This makes it impossible to ascertain from an examination of the statement who the persons are on whose behalf the United States sues. With regard to at least three groups of students, the Court cannot determine from the complaint whether the action is brought on their behalf. They are:

1) Black elementary school students who live outside the Grant School attendance zone, all of whom apparently attend predominately white elementary schools;

2) Black elementary students living in the Grant attendance zone who have elected or will elect to attend another school under the "open enrollment" plan of the school district; and

3) Students who live in the Grant School attendance zone who are enrolled in the school district's "open classroom"[4] program, to begin in the fall of 1975.

In addition, the Court is unable to determine who might be included in the group, "other black persons in the defendant school district similarly situated."

In response to questions by the Court, counsel for the United States explained the nature of plaintiff's claims during oral argument. However, even many of these explanations were equivocal.[5]

■ The Court found certain of the statements of counsel during the hearing adequately specific to advise the Court, the defendants and individuals who might be considering intervening in the litigation of the extent of the claims made by the United States. However, the Court cannot supplement the complaint with even the unequivocal statements of counsel during arguments. Therefore, the Court is forced to conclude that the amended complaint does not comply with the Court's earlier order.

■ The plaintiff's final position in oral argument appeared to be that it could define the individuals on whose behalf the action was brought in terms of those persons who the fact-finder later found had been denied an equal educa-

---

3. The Court's consideration of the sufficiency of the amended complaint is greatly complicated by the inclusion of allegations of Fourteenth Amendment violations and the statement that the action is brought on behalf of at least some faculty members. The Court ruled in its July 3 opinion that these claims, particularly those relating to the Fourteenth Amendment, could not be made in this action. Their inclusion in the amended complaint is improper.

There is an indication in plaintiff's brief in support of its motion for Summary Judgment and a Preliminary Injunction that these allegations are included "in order to preserve the government's claim that the United States can seek relief in this case for denials of Fourteenth Amendment rights to the persons on whose behalf the suit is brought." Brief at 5, footnote 6. The inclusion of these allegations on this basis constitutes an exercize of needless caution, since the United States' position was adequately preserved.

4. Documents attached to "Stipulation No. 5" filed by the parties on June 26, 1975, describe the "Open Enrollment" and "Open Classroom" Programs that have been instituted by defendant Board of Education.

5. At one point in the argument, counsel stated that the students in the three categories set out above were not considered by the United States to be included in the suit. However, later in the argument counsel retreated from this position.

With regard to the "similarly situated" persons, the position of the plaintiff was clearer. In response to the Court's suggestion that the language was perhaps intended to mean persons who in the future would become elementary school students subject to discrimination in the event that no steps are taken to alleviate the claimed violations of the EEOA counsel for the government affirmed that this was so. This is not an unreasonable position, but the Court does not believe that it is evident from the language of paragraph 8 of the amended complaint.

tional opportunity and granted relief. However, unless there is an adequate allegation as to the individuals plaintiff alleges were denied an equal educational opportunity, the fact-finder does not have any person or persons whose educational opportunities it should examine. In actions where there are named plaintiffs, this presents no problem since the Court can at least determine whether the named plaintiff's rights have been violated. The United States' position in this case, if adopted, would make the Court an investigatory agency, rather than the forum for resolving a case or controversy.

 Were this an action brought by a private party or by the United States on its own behalf, the Court might grant the Motion to Dismiss with prejudice as requested by defendant. However, because the rights of other persons on whose behalf the suit is brought are involved, the Court will not do so.

Accordingly, defendant Ferndale Board of Education's Motion to Dismiss is granted to the extent that the allegations of Count I of the amended complaint relating to the Fourteenth Amendment are dismissed with prejudice, and the allegations of Count I, relating to violations of the Equal Educational Opportunity Act will be dismissed unless plaintiff amends the complaint in accordance with this opinion and the prior opinion of the Court, dated July 3, 1975, within ten (10) days hereof.[6]

The defendant Ferndale Board of Education had also filed a motion to strike two portions of the paragraph 8 of the amended complaint. While the Court believes that there was substantial merit to this motion when it is considered in isolation, in view of the disposition of the motion to dismiss, the Court regards the questions raised by the Mo-

tion to Strike as moot, and the Motion to Strike is denied on that basis.

The Court is of the opinion that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

---

6. Although counsel for the United States stated during oral argument that it would not further amend its complaint to describe the individuals on whose behalf the action is brought, the Court believes that the plaintiff should have the opportunity to reconsider that position.